UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD WAYNE HARTMARK,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]<br><br>Defendant. | NO. C12-2000-RSL-JPD<br><br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Ronald Wayne Hartmark appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied his applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for an award of benefits.

I.  FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, plaintiff was a sixty-two year old man with a high school education. Administrative Record ("AR") at 36-37. His past work experience

---

[1] Carolyn W. Colvin is substituted for Commissioner Michael J. Astrue as the defendant in this suit. **The Clerk of Court is directed to update the docket accordingly, and the parties are ordered to update the caption on all future filings with the Court.**

REPORT AND RECOMMENDATION - 1

includes employment as an electrician, truck driver, maintenance supervisor, and bus driver. AR at 37-40, 54. Plaintiff was last gainfully employed as a part-time bus driver in 2004. AR at 38.

On July 17, 2009, he filed an application for DIB, alleging an onset date of November 1, 2002. AR at 35.[2] During the hearing, however, plaintiff amended his onset date to June 15, 2004, based upon his past work as a bus driver. AR at 53. Plaintiff's prior application for benefits was denied in 2004 at the initial level, and during the hearing plaintiff also requested that the ALJ reopen the prior application. AR at 35, 115. Plaintiff asserts that he is disabled due to post-traumatic stress disorder ("PTSD"), a hearing impairment, and migraine headaches. AR at 36, 44-45, 149.

The Commissioner denied plaintiff's claim initially and on reconsideration. AR at 118. Plaintiff requested a hearing, which took place on June 2, 2011. AR at 32-59. On August 15, 2011, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on his finding that plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 17-31. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 5-10, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On November 13, 2012, plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1.

## II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

---

[2] Plaintiff's date last insured was December 31, 2009. AR at 35.

REPORT AND RECOMMENDATION - 2

III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

IV.   EVALUATING DISABILITY

As the claimant, Mr. Hartmark bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b).[3] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments,

---

[3] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V.    DECISION BELOW

On August 15, 2011, the ALJ issued a decision finding the following:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2009.

2. The claimant did not engaged in substantial gainful activity during the period from his alleged onset date of June 15, 2004 through the date last insured of December 31, 2009.

3. Through the date last insured, the claimant had the following severe impairment: progressive bilateral hearing loss.

REPORT AND RECOMMENDATION - 5

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels.  However, he has the following nonexertional limitations: he should avoid even moderate exposure to noise and hazards and he can only work in quiet environments with face-to-face communication.

6. Through the date last insured, the claimant was unable to perform any past relevant work.

7. The claimant was born on XXXXX, 1949 and was 55 years old, which is defined as an individual of advanced age, as of his amended alleged onset date.[4]

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from June 15, 2004, the alleged onset date, through December 31, 2009, the date last insured.

AR at 22-27.

## VI.   ISSUES ON APPEAL

The principal issues on appeal are:

1. Did the ALJ err at step two by failing to find that plaintiff's post-traumatic stress disorder, depression and headaches are severe impairments?

2. Did the ALJ err by failing to give controlling weight to the opinion of Dr. Satterfield, plaintiff's treating physician?

---

[4] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

REPORT AND RECOMMENDATION - 6

3. Did the ALJ err in evaluating the Department of Veterans' Affairs determination that plaintiff suffers from severe PTSD?

4. Did the ALJ provide clear and convincing reasons for finding plaintiff less than fully credible?

5. Did the ALJ err at step five by finding that plaintiff can perform the job of surveillance system monitor?

6. Should this case be reversed and remanded for a payment of benefits?

Dkt. 12 at 1-2.

## VII.   DISCUSSION

### A.   The Parties Agree that the ALJ Erred at Step Five

As noted above, plaintiff contends that the ALJ erred at step two in identifying his "severe" impairments, evaluating the medical opinion evidence, and evaluating the claimant's testimony. Dkt. 12 at 1, 8-18. However, his primarily contention relates to the ALJ's findings at step five of the sequential evaluation process. Specifically, plaintiff asserts that "[h]ere, the [VE] testified, based upon the ALJ's hypothetical, that plaintiff could perform work as a surveillance system monitor. This was the only job that the ALJ found Plaintiff could perform in a quiet environment with face-to-face communications." *Id.* at 19 (citing AR at 24). However, according to the DOT, a surveillance systems monitor

> Monitors premises of public transportation terminals to detect crimes or disturbances, using closed circuit television monitors, and notifies authorities by telephone of need for corrective action: Observes television screens that transmit in sequence views of transportation facility sites. Pushes hold button to maintain surveillance of location where incident is developing, and telephones police or other designative agency to notify authorities of location of disruptive activity. Adjusts monitors controls when required to improve reception, and notifies repair service of equipment malfunctions.

DOT 379.367-010.

Plaintiff contends that the ALJ erred by failing to resolve the conflicts between the VE's testimony and the DOT's description of the surveillance systems monitor position,

REPORT AND RECOMMENDATION - 7

because "[b]y definition the core duties of this job is antithetical to the face-to-face communication limitation outlined by the ALJ. The job requires interfacing with television monitors, talking over the phone and handling 'disruptive activity' needing 'correction action' . . . it strains credulity to present this surveillance system monitor job out as a suitable position for a claimant of advanced age with a severe hearing impairment and a need for face-to-face communication." *Id*. at 20. *See also* SSR 00-4p ("When there is an apparent unresolved conflict between [VE] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [VE] evidence to support a determination or decision about whether the claimant is disabled."). Because "the vocational expert's sole job at step five . . . is not suitable for a worker with plaintiff's RFC regardless of whether PTSD, depression and headaches are deemed a severe impairment," plaintiff contends that benefits should be awarded as "remanding this case for additional proceeding would only cause unnecessary delay in the receipt of benefits." *Id*. at 22.

      The Commissioner concedes that plaintiff "identifies an apparent conflict between his [RFC] and the requirements of the surveillance system monitor position," because although the ALJ found plaintiff was limited to work "in quiet environments with face-to-face communication," AR at 24, the position of surveillance system monitor requires a person to notify "authorities by telephone of the need for corrective action" and to telephone police or agencies of the location of disruptive activity. Dkt. 13 at 3 (citing DOT 379.367-010). The Commissioner asserts that plaintiff "has raised a legitimate concern about the consistency between the RFC finding and the job identified at step five. This concern necessitates additional proceedings." *Id*. (citing SSR 00-4p). The Commissioner further argues that "[f]urther VE testimony is required to ascertain the effects of the apparent inconsistency on

REPORT AND RECOMMENDATION - 8

Plaintiff's ability to perform a significant number of jobs existing in the national economy at step five . . . Remand is appropriate to allow the VE to clarify the apparent conflict." *Id*. at 4.

Plaintiff replies that "while there are outstanding issues that can be resolved with additional proceedings" with respect to plaintiff's additional assignments of error relating to the ALJ's analysis of the earlier steps of the sequential evaluation process, "there are not issues that must be resolved. Plaintiff seeks a favorable decision, not a perfect decision." Dkt. 14 at 3. Plaintiff contends that "with the testimony from the [VE], it is clear that there are no jobs plaintiff could perform in a competitive work environment . . . given his [RFC]." *Id*.

The Court agrees that the ALJ clearly erred at step five by relying upon the VE's testimony that plaintiff could perform the requirements of a surveillance system monitor position (DOT 379.367-010), with approximately 666 jobs in the state and 21,200 jobs in the national economy. AR at 27. As described above, this position involves monitoring premises of public transportation facilities using closed circuit television and notifying the appropriate authorities – by telephone – if an incident develops. *See* DOT 379.367-010. This is not consistent with the ALJ's RFC assessment in this case, which limited plaintiff to the performance of "a full range of work at all exertional levels" as long as he avoided "even moderate exposure to noise and hazards" and "only work[ed] in quiet environments with face-to-face communication." AR at 24. Finally, the ALJ accepted the VE's statement that his testimony that plaintiff could perform the surveillance system monitor position was consistent with the DOT, and did not identify or clarify any discrepancy between the DOT description of this job and plaintiff's RFC. AR at 26. This was harmful error under SSR 00-4p.

B. <u>Remand for Award of Benefits is the Appropriate Relief</u>

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v.*

REPORT AND RECOMMENDATION - 9

*Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen*, 80 F.3d at 1292).  The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

As set forth above, the ALJ erred in finding that plaintiff could perform the position of surveillance system monitor at step five.  Contrary to the Commissioner's argument that a remand for further proceedings is appropriate to allow the VE to clarify the apparent conflict between his testimony and the DOT, the Court finds that there are no outstanding issues that must be resolved before a finding of disability can be made.  In response to the ALJ's hypothetical question during the administrative hearing, the VE testified that the only position that plaintiff could perform would be "a Surveillance Systems Monitor job and it is a quiet environment . . . That appears to be it.  There is (sic) just not a lot of jobs that are at the quiet noise level and I've examined several."  AR at 56-57.  The VE further noted, "Now at the moderate [level] that's a different issue."  AR at 57.

Because the VE testified that the surveillance system monitor was the only position that plaintiff could perform, despite his impairments, and it is undisputed that he cannot actually perform it, the Court need not return the case to the ALJ to make a new RFC determination or obtain VE testimony a second time.  As the Ninth Circuit Court of Appeals has commented, "[a]llowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication" and also unfairly "delay much needed income for claimants who are unable to work and are entitled to benefits[.]"  *Benecke v.*

REPORT AND RECOMMENDATION - 10

*Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).  There is nothing to be gained by sending this matter back for a second administrative hearing.

Additionally, it is unnecessary to address plaintiff's remaining assignments of error.  Even if the Court were to agree with plaintiff's allegations and identify further errors by the ALJ, this could only establish that plaintiff was even further impaired.  Accordingly, the undersigned recommends that this matter be remanded with instructions to award benefits.

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED to the Commissioner for the purpose of awarding benefits.  A proposed order accompanies this Report and Recommendation.

DATED this 29th day of July, 2013.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11